[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence January 28, 1994 Date of Application January 28, 1994 Date Application Filed February 8, 1994 Date of Decision September 27, 1994
Application for review of sentence imposed by the Superior Court, Judicial District of New Haven.
Docket Numbers CR6-362573; CR6-359712
Thomas M. Conroy, Esq., Defense Counsel, for Petitioner.
Robert O'Brien, Esq., Assistant State's Attorney, for the State.
Sentence Affirmed.
By the Division:
The petitioner, then 21 years of age, entered guilty pleas to certain charges and was sentenced as follows:
DN CR6-362573: Murder (§ 53a-54(a) 52 years
 Conspiracy to Commit Murder (§§ 53a-48, 53a-54a) 20 years concurrent
 Assault 1st degree (3 counts) (§ 53a-59(a)(1) 20 years each count, concurrent
 Carrying a Pistol without a Permit (§ 29-35) 5 years concurrent
DN CR6-359712: Assault 1st degree (§ 53a-59(a)(1) 20 years concurrent
The total effective sentence was 52 years to serve.
In this case, there was a court indicated range of a probable sentence between 48 and 52 years.
The charge in DN CR6-362573 arose out of an incident on June 25, 1992 when the petitioner, who was a member of the Latin Kings, with others, went to a location in New Haven armed with a .9mm handgun for the purpose of shooting one Reyes who was reportedly selling narcotics in Latin King territory. This was a mission ordered by a leader of the Latin Kings.
When the group got to the location Reyes was not there, having been tipped off as to the impending attack, but several of his acquaintances were at that location on the street. The petitioner opened fire on them wounding a fourteen year old, a sixteen year old and one other. These three victims sustained serious physical injuries leading to the three counts of assault 1st degree. Another victim, a teenage girl, was shot and killed by the petitioner, which is the factual basis for the murder and conspiracy to commit murder counts. The petitioner emptied his gun in this episode.
Two days later at approximately 2:30 p.m. Reyes, the intended victim, saw the petitioner on the street in New Haven. Reyes and CT Page 10383 Flynn exchanged gunfire. While neither Reyes nor Flynn was hit, a third person was shot in the chest by Flynn, leading to the charge of Assault, 1st degree in DN 6-359712.
Petitioner, through his counsel, asks the Division to consider that at the time of the shooting he was twenty years old, and that he was used by the gang leadership to carry out their orders. In short, that he was pressured by the circumstances and was essentially a tool of the gang leadership. The State's Attorney argues that to the extent he was an instrument of others, he was a willing one. In effect, he was acting as a hit man.
As the sentencing court succinctly stated, the petitioner cannot be in society. He is clearly extremely dangerous and has shown himself capable of taking human life without reason, provocation or even a semblance of justification or excuse. His isolation from society was properly deemed by the sentencing court to be imperative.
In reviewing this sentence as required by § 942 of the Practice Book, the Division finds it to be proportionate and appropriate. It is affirmed.
Purtill, Klaczak and Stanley, J.s, participated in this decision.